## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **JAY COLEMAN CONNOR,** 215 East Bay Street, Apt. 201-F Charleston, SC 29401, individually, and on behalf of all other similarly situated,<br><br>Plaintiff<br><br><br><br>vs.<br><br><br>**PRINCIPAL LAW GROUP L.L.P.,** 20 F Street, NW 7th Floor, Washington, D.C. 20001<br><br>Defendant | Civil Action No.<br><br>**CLASS ACTION COMPLAINT**<br><br>**(Jury Trial Requested)** |

Plaintiff Jay Coleman Connor ("Plaintiff"), on behalf of himself and all others similarly situated, makes the following allegations against Defendant Principal Law Group L.L.P. ("Defendant") based upon Plaintiff's own knowledge, information, attorney investigation, and belief:

### PRELIMINARY STATEMENT

1.      As the Supreme Court has explained, "Americans passionately disagree about many things. But they are largely united in their disdain for robocalls. The Federal Government receives a staggering number of complaints about robocalls—3.7 million complaints in 2019 alone. The States likewise field a constant barrage of complaints. For nearly 30 years, the

people's representatives in Congress have been fighting back. As relevant here, the Telephone Consumer Protection Act of 1991, known as the TCPA, generally prohibits robocalls to cell phones and home phones." *Barr v. Am. Ass'n of Political Consultants*, 140 S. Ct. 2335, 2343 (2020).

2.     The Plaintiff also brings this putative class action pursuant to the South Carolina Telephone Privacy Protection Act ("SCTPPA"), S.C. Code § 37-21-10, *et seq*.

3.     Mr. Connor alleges that Defendant sent a pre-recorded telemarketing call to a South Carolina number listed on the National Do Not Call Registry, which violates both the TCPA and the SCTPPA.

4.     Because these calls were transmitted using technology capable of generating thousands of similar calls per day, he sues on behalf of a proposed class of other persons who received similar calls.

### JURISDICTION

5.     Plaintiff is a State of South Carolina resident.

6.     Defendant Principal Law Group L.L.P. is a limited liability partnership based in this District.

7.     This Court has jurisdiction over this action and venue is proper because the sending of the phone calls at issue occurred from this Jurisdiction and the Defendant resides here.

### THE TELEPHONE CONSUMER PROTECTION ACT

8.     In 1991, Congress enacted the TCPA to regulate the explosive growth of the telemarketing industry.  In so doing, Congress recognized that "[u]nrestricted telemarketing . . .

can be an intrusive invasion of privacy [.]" Telephone Consumer Protection Act of 1991, Pub. L.

No. 102-243, § 2(5) (1991) (codified at 47 U.S.C. § 227).

9.    The TCPA makes it unlawful to make any call (other than a call made for emergency purposes or made with the prior express consent of the called party) using an automatic telephone dialing system or an artificial or prerecorded voice to any telephone number assigned to a cellular telephone service or that is charged per the call.  *See* 47 U.S.C. § 227(b)(1)(A)(iii).

10.    The TCPA provides a private cause of action to persons who receive calls in violation of 47 U.S.C. § 227(b)(1)(A) or 47 U.S.C. § 227(b)(1)(B).  *See* 47 U.S.C. § 227(b)(3).

11.    In 2013, the FCC required prior express written consent for all autodialed or prerecorded telemarketing calls ("robocalls") to wireless numbers and residential lines. Specifically, it ordered that:

> [A] consumer's written consent to receive telemarketing robocalls must be signed and be sufficient to show that the consumer:  (1) received "clear and conspicuous disclosure" of the consequences of providing the requested consent, i.e., that the consumer will receive future calls that deliver prerecorded messages by or on behalf of a specific seller; and (2) having received this information, agrees unambiguously to receive such calls at a telephone number the consumer designates.[] In addition, the written agreement must be obtained "without requiring, directly or indirectly, that the agreement be executed as a condition of purchasing any good or service.[]"

*In the Matter of Rules & Regulations Implementing the Tel. Consumer Prot. Act of 1991,*

27 F.C.C. Rcd. 1830, 1844 (2012) (footnotes omitted).

## THE SOUTH CAROLINA TELEPHONE PRIVACY PROTECTION ACT

12.    On May 18, 2018, the State of South Carolina signed into law the South Carolina Telephone Privacy Protection Act, S.C. Code § 37-21-10, *et seq*.

13.    The SCTPPA prohibits, *inter alia,* a party from initiating, or causing to initiate, a telephone solicitation to a South Carolina telephone number that has been listed on the National

3

Do Not Call Registry. *See* S.C. Code § 37-21-70.

14.   The SCTPPA allows for aggrieved individuals to initiate an action and recover $1,000 for each negligent violation and $5,000 for each willful violation of the SCTPPA as well as attorneys' fees and costs. S.C. Code § 37-21-80.

**FACTUAL ALLEGATIONS**

15.   The Plaintiff is a natural person.

16.   The Plaintiff's telephone number is (843) 281-XXXX.

17.   That telephone number is assigned to a wireless service.

18.   That telephone number has been on the National Do Not Call Registry for more than 3 months prior to the call at issue.

19.   On at least November 10, 2022, the Plaintiff received a pre-recorded call from the Defendant.

20.   The pre-recorded message stated:

> Marines, their families and citizens stationed at Camp Lejeune have suffered catastrophic medical conditions due to contaminated water resources. If you or a loved one, were stationed, visit, or worked at Camp Lejeune between 1954 and 1988 and have been diagnosed with a major medical condition, press one.

21.   It was a similar pre-recorded message that the Plaintiff has previously received.

22.   The call was clearly pre-recorded because (a) there was a pause after each Plaintiff picked up the phone so the recorded message could play, (b) the recorded message had a monotone and consistent voice, (c) the recorded message was generic, and (d) the recorded message had an option to "press 1" in response to the recording.

23.   After the pre-recorded message, the Defendant's employee stated that an attorney from Principal Law Group would be in further contact.

24.     The Defendant's employee was soliciting attorney representation services for the Defendant.

25.     Following up on the solicitation, Chris Peito from Principal Law Group called the Plaintiff about an hour later.

26.     Mr. Peito continued to promote the Defendant's attorney representation services for a personal injury case.

27.     Mr. Connor was not interested in such services and did not consent to receive a pre-recorded call from the Defendant, so he ended the call.

## CLASS ACTION ALLEGATIONS

28.     Plaintiff brings this action on behalf of himself and as a class action, pursuant to the provisions of Rule 23(b)(2) and/or (b)(3) of the Federal Rules of Civil Procedure on behalf of the following classes:

SCTPPA CLASS

All persons with a South Carolina area code to whom (1) at any time from May 18, 2018 until trial, (2) Defendant, or someone on their behalf, (3) placed at least one call, (4) where it called a number on the National Do Not Call Registry, (5) while promoting their services.
TCPA ROBOCALL CLASS

All persons within the United States: (1) to whose cellular telephone number (2) Defendant, or someone on their behalf, placed a telemarketing call (3) within the four years prior to the filing of the Complaint through trial (4) using an identical or substantially similar pre-recorded message used to place telephone calls to Plaintiff.

29.     Certification of Plaintiff's claims for class-wide treatment is appropriate because Plaintiff can prove the elements of his claims on a class-wide basis using the same evidence as would be used to prove those elements in individual actions alleging the same claims.

30.     Class members are identifiable through phone records and phone number databases that will be obtained through discovery.

31.     Based on the automated nature of calling campaign, there are likely hundreds of class members. Individual joinder of these persons is impracticable.

32.     There are questions of law and fact common to Plaintiff and the proposed classes, including:

      a.     Whether the Defendant contacted numbers on the National Do Not Call Registry;

      b.     Whether the Defendant made such calls to South Carolina area codes;

      c.     Whether the Defendant made such calls with express written consent;

      d.     Whether the Defendant's calls utilized a pre-recorded message; and

      e.     Whether the Plaintiff and the class members are entitled to statutory damages because of the Defendant's actions.

33.     Plaintiff's claims are based on the same facts and legal theories as class members' claims, and therefore are typical of the class members' claims.

34.     Plaintiff is an adequate representative of the classes because his interests do not conflict with the class's interests, he will fairly and adequately protect the class's interests, and he is represented by counsel skilled and experienced in litigating class actions.

35.     The Defendant's actions are applicable to the class and to Plaintiff.

**<u>FOR A FIRST CAUSE OF ACTION</u>**
**(Violation of SC Telephone Privacy Protection Act)**

36.     The above allegations are repeated and realleged herein as if set forth herein.

37.     Defendant violated the SC Telephone Privacy Protection Act by contacting class members' South Carolina numbers that were listed on National Do Not Call Registry, or by the fact that others did so on their behalf.

38.     The Plaintiff, on behalf of the class, also seeks an injunction, which the SC Telephone Privacy Protection Act explicitly permits, preventing the Defendant from using a South preventing the Defendant from calling a South Carolina number on the National Do Not Call Registry, or from anyone doing so on their behalf.

**FOR A SECOND CAUSE OF ACTION**
**Violations of 47 U.S.C. § 227(b)(3)**

39.     Plaintiff repeats his prior allegations of this Complaint and incorporates them by reference herein.

40.     The foregoing acts and omissions of Defendant and/or its affiliates, agents, and/or other persons or entities acting on Defendant' behalf constitute numerous and multiple violations of the TCPA, 47 U.S.C. § 227, by making pre-recorded calls, except for emergency purposes, to the cellular telephones from the Plaintiff and members of the TCPA Robocall Class.

41.     Defendant's violations were negligent, willful, or knowing.

42.     As a result of Defendant's, and/or its affiliates, agents, and/or other persons or entities acting on Defendant's behalf, violations of the TCPA, 47 U.S.C. § 227, Plaintiff and members of the TCPA Robocall Class are presumptively entitled to an award of between $500 and $1,500 in damages for each call made.

43.     Plaintiff and the members of the TCPA Robocall Class are also entitled to and do seek injunctive relief prohibiting Defendant's and/or its affiliates, agents, and/or other persons or entities acting on Defendant's behalf from making calls utilizing a pre-recorded voice, except for emergency purposes, in the future.

## PRAYER FOR RELIEF

Plaintiff requests the following relief:

A.        That the Court certify the proposed classes;

B.        That the Court appoint Plaintiff as class representative;

C.        That the Court appoint the undersigned counsel as counsel for the classes;

D.        That the Court enter a judgment awarding Plaintiff and all class members statutory damages of $1,000 for each negligent violation of the SCTPPA and $5,000 for each knowing or willful violation;

E.        That the Court enter an order awarding the Plaintiff reasonable attorneys' fees and costs; and

F.        That the Court enter a judgment awarding Plaintiff and all class members statutory damages of $500 for each negligent violation of the TCPA and $1,500 for each knowing or willful violation;

**Plaintiff requests a jury trial as to all claims of the complaint so triable.**

Dated: February 16, 2023

BY HIS ATTORNEYS:

/s/ Meredith Kinner

Meredith Kinner,  D.C. Bar #1024953
Managing Member
Kinner & McGowan, PLLC
413 East Capital St. SE
Washington, DC 20003
(202) 846-7148
mkinner@kinnermcgowan.com

8

/s/ Anthony Paronich

---

Anthony I. Paronich
Paronich Law, P.C.
350 Lincoln Street, Suite 2400
Hingham, MA 02043
(508) 221-1510
anthony@paronichlaw.com

*Subject to Pro Hac Vice*