## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **JAY COLEMAN CONNOR**, | CASE NO. 1:23-cv-00438-CKK |
| Plaintiff, | JUDGE COLLEEN KOLLAR-KOTELLY |
| vs. | |
| **PRINCIPAL LAW GROUP, LLP**, | |
| Defendant. | |

## DEFENDANT PRINCIPAL LAW GROUP, LLP'S OBJECTIONS AND RESPONSES TO PLAINTIFF'S FIRST SET OF DISCOVERY REQUESTS

Pursuant to Fed. R. Civ. P. 26, 33, and 34, Defendant Principal Law Group, LLP ("Principal Law") submits these Objections and Responses to Plaintiff Jay Coleman Connor's ("Plaintiff") First Set of Interrogatories and Requests for Production of Documents (the "Discovery Requests").

## GENERAL STATEMENTS AND OBJECTIONS

1.      Principal Law objects to Interrogatory Instruction No. 1 on the grounds that: (1) it imposes obligations inconsistent with Fed. R. Civ. P. 33. Specifically, if a party cannot answer an interrogatory in full, Rule 33 does not impose an obligation that the responding party must specify "the reasons for [its] inability to answer the remainder" as contained in Plaintiff's instruction; (2) stemming from the same, and to the extent an interrogatory cannot be answered in full, Plaintiff's instruction renders such interrogatory compound and improper; (3) in the same vein, this instruction seeks to have Principal Law identify all persons who provided information used in answering each interrogatory, rendering every interrogatory compound and improper; and (4) to the extent that an interrogatory seeks information not in the possession of Principal Law, its agents, or representatives, but also seeks information obtained "by any of your attorneys," the instruction

seeks discovery on information privileged under the attorney-work product doctrine and/or obtained and prepared in anticipation of litigation of trial privilege under Fed. R. Civ. P. 26(b)(3).

2.     Principal Law objects to Document Request Instruction No. 3 on the grounds that it imposes obligations inconsistent with Fed. R. Civ. P. 34(b)(2), which allows a party to produce at "another reasonable time specified in the response."

3.     Principal Law objects to Document Request Instruction No. 4 to the extent that "label[ing] the documents [produced] to correspond with the categories in this request" would seek to invade or reveal attorney-work product. *See, e.g.*, *Wahl v. Am. Sec. Ins. Co.*, No. 08-CV-00555, 2009 U.S. Dist. LEXIS 103770, *6-7 (N.D. Cal. Oct. 23, 2009) ("Requests 24-31 are simply an attempt by Wahl to force ASIC to organize and categorize the documents in a manner that would reveal ASIC's legal strategies. … It is self-evident that such sorting would require the producing party to exercise its own legal judgment in applying the law to the facts of the case.")

4.     Principal Law objects to Definition No. 9 ("Describe") and No. 12 ("'Identify' (when used in reference to an [sic] natural person)") on the grounds that these definitions are overly broad and seek information that is not relevant to either party's claims or defenses, not proportional to the needs of the case, and inconsistent with the identification requirements imposed by Rule 26.

5.     Principal Law objects to Definition No. 11 ("'Identify' (when used in reference to a document)") on the grounds that the definition is outside the scope of Rule 34 as it does not impose an obligation on party to provide a written, narrative response akin to an interrogatory.

6.     Principal Law objects to Definition No. 13 ("'Identify' (when used in reference to an entity)") on the grounds that it overly broad and seeks information that is not relevant to either party's claims or defenses and not proportional to the needs of the case, to the extent it seeks

information on "all affiliated entities," even if such affiliated entities are wholly unconnected to the facts and circumstances of this case.

7.    Principal Law objects to Definition No. 18 ("Telemarketing") as it is inconsistent with the relevant definition of "telemarketing" under 47 C.F.R. § 64.1200(f)(13) ("the initiation of a telephone call or message for the purpose of encouraging the purchase or rental of, or investment in, property, goods, or services, which is transmitted to any person").

8.    Principal Law objects to Definition No. 22 on the grounds that it is not an actual definition, and also on the grounds that it attempts to improperly impose one non-authoritative source as the supposed "ordinary definition" for all words.

9.    Principal Law objects to the Discovery Requests to the extent they seek "any" or "all" identities or information, documents, or communications regarding a particular subject matter, and as such, are vague, overbroad, unduly burdensome, and not proportional to the needs of this case considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit.  *See* Fed. R. Civ. P. 26(b)(1); *see also Krieger v. Fadely*, 199 F.R.D. 10, 13 (D.D.C. 2001) (holding that a request for "all communications" was "fatally overbroad"); *Thornton v. State Farm Mut. Auto Ins. Co., Inc.*, No. 1:06-CV-00018, 2006 WL 3499986, at *3 (N.D. Ohio Dec. 5, 2006) (finding request for "[a]ny and all" documents is overbroad); *Pipkins v. Stewart*, No. 15-CV-2722, 2021 WL 1433444, at *4 (W.D. La. Apr. 15, 2021) ("Courts routinely find that requests seeking 'any and all documents' are overbroad."); *Pollard v. E.I. DuPont de Nemours & Co.*, No. 95-3010 M1V, 2004 WL 784489, at *5 (W.D. Tenn. Feb. 24, 2004) (holding that an "any and all" request was ambiguous and overbroad);

*Agerbrink v. Model Serv. LLC*, No. 14 Civ. 7841 (JPO) (JCF), 2017 WL 933095, at *2 (S.D.N.Y. Mar. 8, 2017) ("Courts have long held that requests for 'any and all' documents are generally improper.").   To the extent that Principal Law agrees to perform a reasonable search for information and documents responsive to these Discovery Requests, it will provide identification or information and documents "sufficient to show" the requested subject matter.

10.     To the extent that Principal Law agrees to produce documents responsive to these Discovery Requests, and such documents exist, can be located after a reasonable search, and are not subject to a claim of privilege, Principal Law will produce documents on a rolling basis consistent with the discovery schedule set by the Court.

11.     Principal Law further objects to the Discovery Requests to the extent that they purport to require Principal Law to obtain documents or information from third-parties or call for information or documents not within its possession, custody, or control.   Principal Law will undertake no efforts to obtain such documents.   Consequently, Principal Law objects to Definition Nos. 8 ("Defendant"), 19 ("Third-Party"), and 20 ("Vendor") to the extent those definitions seek to impose such a burden on Principal Law.

12.     No incidental or implied admissions are intended by these General Statements and Objections or the Specific Responses and Objections.   The fact that Principal Law has answered or objected to any Discovery Request should not be taken as an admission that Principal Law accepts or admits the existence of any "fact" set forth or assumed by such Discovery Request. The fact that Principal Law has responded to part or all of any Discovery Request is not intended to be, and shall not be construed to be, a waiver by it of any part of any objection to the Discovery Request.   A statement that documents will be produced is not intended to mean that any such document actually exists or is in Principal Law's possession, custody, or control, but only that if

4

it exists, can be located within Principal Law's possession, custody, or control, and survives objection on privilege or any other applicable grounds, it will be produced.

13.     Principal Law reserves the right to supplement its responses in accordance with Rule 26(e).

14.     In each of the Specific Responses and Objections below, Principal Law incorporates by reference each and every one of these General Statements and Objections.

## SPECIFC OBJECTIONS AND RESPONSES

### INTERROGATORIES

1.     Identify each person who provided the information to answer interrogatories in this case and specify the interrogatories about which each such person provided information.

**ANSWER:**

Subject to and without waiving any of its General Statements and Objections, Principal Law identifies: Mr. Greg March, Chief Marketing Officer, Principal Law Group, LLP, who may be contacted through defense counsel; Elite Marketing Group, LLC ("Elite"), 91 Rainey Street #816, Austin, TX 78701, (877) 415-6763, also provided underlying information that was used by Principal Law to answer these interrogatories.


2.     Identify all employees or vendors involved in making outbound calls promoting your goods and services.  This includes, but is not limited to, (a) third parties that you contract with who make telemarketing calls to generate leads (b) the dialing system platform or provider used to make those calls.

**ANSWER:**

In addition to and without waiving any of its General Statements and Objections, Principal Law objects to this Interrogatory on the following grounds:

a. As discussed during the parties' prior meet and confer efforts and the Rule 26(f) conference, Principal Law maintains that individual discovery in this matter should be bifurcated from class discovery, and has filed a Motion to Bifurcate.

b. The identification of "all … vendors" is overly broad, unduly burdensome, seeks information not relevant to either party's claims or defenses and is not proportional to the needs of the case.  As discussed during the parties' prior meet and confer calls and the Rule 26(f) conference, Principal Law obtained the lead information for Plaintiff as a direct submission on its website and not through a third-party vendor.  To the extent the Court permits class discovery to proceed, Principal Law objects to producing information regarding vendors on the grounds that, *inter alia*, the facts and circumstances regarding prior express written consent for Plaintiff is substantially dissimilar to any vendors, making information as to "all vendors" irrelevant as to both Plaintiff's individual claim, and on a putative class wide basis, for the reasons discussed above.

c. The identification of "all employees" is overly broad, unduly burdensome, and seeks information that is not relevant to either party's claims or defenses and not proportional to the needs of the case.

d. Similar to the above, identification of "all employees or vendors" used to make "outbound calls promoting your goods and services" is overly broad and seeks information not relevant to either party's claims or defenses and is not proportional to the needs of the case, including but not limited to calls unconnected with the facts and circumstances of this case.  For example, but without limitation, if a Principal Law customer calls in seeking legal services, and an employee returns the call, such call is relating to Principal Law's "good or services," but has

no factual similarity to the alleged telemarketing prerecorded voice message call that Plaintiff alleges to have received (or for which he seeks to represent a putative class).

e.   To the extent the Court permits class discovery, pursuant to Fed. R. Civ. P. 33(d), Principal Law will produce documents wherein the answer to this Interrogatory may be determined by examining, auditing, compiling, abstracting, or summarizing Principal Law's business records, and the burden of deriving or ascertaining the answer will be substantially the same for either party.

f.   The Interrogatory is compound and contains multiple subparts, each counting against the 25 per party limit as stated in Rule 33(a)(1).  Fed. R. Civ. P. 33(a)(1) ("Unless otherwise stipulated or ordered by the court, a party may serve on any other party no more than 25 written interrogatories, including all discrete subparts."); *see U.S. ex rel. Pogue v. Diabetes Treatment Centers of Am., Inc.*, 235 F.R.D. 521, 526-527 (D.D.C. 2006) (finding interrogatories were "impermissibly compound because each requires separate responses to individual subparts," and Rule 33(a) "does not allow parties to combine multiple interrogatories into one"); *see also Rambus Inc. v. NVIDIA Corp.*, C-08-03343 SI, 2011 WL 11746749, at *14 (N.D. Cal. Aug. 24, 2011) ("An interrogatory that seeks information (even a single piece of information) about 300 separate products is asking 300 separate questions.").   For instance, this Interrogatory seeks the identification of employees or vendors, while simultaneously seeking different substantive information regarding dialing systems used.

**Subject to and without waiving the foregoing objections, Principal Law states:** The lead for Plaintiff was submitted directly on Principal Law's website and not obtained from a third-party vendor.   Regardless, Elite is the only entity with which Principal Law contracts for

marketing.   Principal Law does not contract or otherwise authorize Elite to engage in any unsolicited outbound telemarketing.

3.      Identify and describe the work of each employee or vendor.

**ANSWER**:

In addition to and without waiving any of its General Statements and Objections, Principal Law objects to this Interrogatory on the following grounds:

a.    It is vague and ambiguous as to whether it seeks an identification and description of "the work of each employee or vendor" unlimited in scope as to all employees or vendors, or limited to those persons identified in Answer to Interrogatory No. 2.  If the former, Principal Law incorporates by reference objections a through d as set forth above in its Answer to Interrogatory No. 2.  (If Plaintiff intended the latter, this objection is moot.)

b.  The term "identify," as defined by Plaintiff in the Definitions, is vague and ambiguous when applied in the context of this Interrogatory.

c.  The term "describe" is vague and ambiguous as to the type and extent of description Plaintiff seeks.

**Subject to and without waiving the foregoing objections, Principal Law states:** Principal Law contracts with Elite for opt-in and lead generation marketing activities to identify persons who have expressed an interest in legal representation and screen potential clients. Specifically, Principal Law contracts with Elite to perform social media and online/digital marketing.

4.      Identify all third parties or sub-vendors used by your vendors to [sic] for you.

**ANSWER:**

In addition to and without waiving any of its General Statements and Objections, Principal Law objects to this Interrogatory on the following grounds:

a.   As discussed during the parties' prior meet and confer efforts and the Rule 26(f) conference, Principal Law maintains that individual discovery in this matter should be bifurcated from class discovery, and has filed a Motion to Bifurcate.

b.   The identification of "all third-parties or sub-vendors" is overly broad, unduly burdensome, seeks information not relevant to either party's claims or defenses and is not proportional to the needs of the case.  As discussed during the parties' prior meet and confer calls and Rule 26(f) conference, Principal Law obtained the lead information for Plaintiff as a direct submission on its website and not from a third-party vendor.  Principal Law objects to producing information regarding vendors on the grounds that, *inter alia*, the facts and circumstances regarding prior express written consent for Plaintiff is substantially dissimilar to any other vendors, making information as to "all vendors" (and their third-parties or sub-vendors as sought in this Interrogatory) irrelevant as to both Plaintiff's individual claim, and on a putative class wide basis, for the reasons discussed above.

c.   In addition, the Interrogatory is overly broad, unduly burdensome, and seeks information that is not relevant to either party's claims or defenses and not proportional to the needs of the case, as it is not reasonably limited in subject matter scope based on the nature of Plaintiff's claims (*e.g.*, not limited to the source of the relevant lead generation or alleged calls made using an artificial or prerecorded voice).

d.   The Interrogatory is vague and ambiguous as it appears to be an incomplete sentence.  Specifically, the Interrogatory reads: "Identify all third parties or sub-vendors used by your vendors to [sic] for you."  The [sic] denotes what appears to be a missing material word or words in the Interrogatory.   As such, Principal Law cannot reasonably respond, for the Interrogatory is unclear as to what type of third-parties or sub-vendors for which the Interrogatory seeks information.

5.   Identify each of the individuals that spoke with Plaintiff from your company or any of its vendors.

**ANSWER**:

Subject to and without waiving any of its General Statements and Objections, Principal Law states: To Principal Law's knowledge, Mr. Peito is the only individual that spoke with Plaintiff.

6.   If you contend that Plaintiff provided consent to receive solicitation telephone calls, state all facts in support of that contention and identify the date(s) on which and the means by which you contend consent was obtained.

**ANSWER:**

In addition to and without waiving any of its General Statements and Objections, Principal Law objects to this Interrogatory on the following grounds:

a.   The Interrogatory seeks information based on an assumed adverse legal conclusion, assumes certain disputed facts as undisputed, and/or is misleading by seeking certain factual information phrased in a manner that assumes an adverse legal conclusion through its use of the

term "solicitation."  A "solicitation" has a specific meaning under the TCPA and, *inter alia*, excludes calls made with prior express invitation or permission and calls to a person with whom the caller has an established business relationship.  *See* 47 C.F.R. § 64.1200(f)(15).  Principal Law contends that the call to Plaintiff does not meet the definition of a telephonic solicitation under the TCPA.  Principal Law will provide underlying factual information regarding the genesis of any call or calls it made to Plaintiff, but such information should not be construed as an admission that any such call constitutes a "solicitation" under the TCPA.

       b.   The Interrogatory is premature as discovery is ongoing.  Specifically, to the extent that Plaintiff disputes that he, or a person acting on his behalf, provided prior express written consent for Mr. Peito's call to Plaintiff, Principal Law will seek party and third-party discovery regarding the issue of consent.  As such, additional facts will be uncovered during the course of discovery.

**Subject to and without waiving the foregoing objections, Principal Law states:** Plaintiff submitted a request for information for legal services on November 10, 2022 via https://principallawgroup.com/lawsuit-consultation-dc-contact-us/, which included, *inter alia*, providing his telephone number at issue, providing prior express written consent and/or expressing interest for Principal Law to call him at that telephone number regarding legal services.  Principal Law further responds that discovery is ongoing and additional facts may or will be uncovered and produced during discovery.

7.      If you contend that a third party made the calls alleged in the complaint, identify that third party and state all facts in support of the same.

**ANSWER:**

Subject to and without waiving any of its General Statements and Objections, Principal Law states: There are two calls referenced in the Complaint.  Principal Law admits that one call was placed by Mr. Peito as stated in Paragraph No. 25 of its Answer.  Principal Law is without information or knowledge to form any response as to the identity of the third-party that made the separate alleged pre-recorded call to Plaintiff, as alleged in Paragraph No. 19 of the Complaint.

8.      Identify all communications you've had with any third party, other than your counsel, regarding this lawsuit.

**ANSWER:**

In addition to and without waiving any of its General Statements and Objections, Principal Law objects to this Interrogatory on the following grounds:

a.   The identification of "all communications" is overly broad, unduly burdensome, seeks information not relevant to either party's claims or defenses and is not proportional to the needs of the case.  As such, this Interrogatory is overly broad and unduly burdensome, as it is not reasonably limited in subject matter scope based on the nature of Plaintiff's claims (*e.g.*, ., not limited to source of the relevant lead generation or alleged calls made using an artificial or prerecorded voice).

b.   To the extent that this Request seeks documents protected by attorney-work product doctrine and/or material prepared in anticipation of litigation protected under Rule 26.  And in that respect is also overly broad, unduly burdensome, and seeks documents that are not relevant to

12

either party's claims or defenses and not proportional to the needs of the case, as it would seemingly encompass any and all communications since the inception of litigation used to research Plaintiff's claims.  For example, but without limitation, the Request as drafted would seemingly encompass routine communications of outside counsel since the inception of litigation.  To the extent the Request intends to request such documents, such documents are privileged, the Request is overly broad, unduly burdensome, and seeks documents not relevant or proportional to the needs of the case, and a privilege log is not necessary.  *Cf. Grider v. Keystone Health Plan Center*, 580 F.3d 119, 140, n.22 (3d Cir. 2009) (discussing attorney-client privilege and concluding that "a rule requiring creation of an ongoing log of all post-complaint privileged communications would have a chilling effect … [and] a privilege log may not be required for communications with counsel that take place after the filing of a law suit.")

9.      Identify by make, model, structure and location the system(s), platform(s), and/or equipment used by you, or any vendor, used to contact the Plaintiff.

**ANSWER:**

In addition to and without waiving any of its General Statements and Objections, Principal Law objects to this Interrogatory on the grounds that it is overly broad, unduly burdensome, and seeks information that is not relevant to either party's claims or defenses and not proportional to the needs of the case, as none of the requested information bears on, or impacts, whether or not Plaintiff received a prerecorded voice message call.

10.     State all facts in support of any affirmative defenses you have raised.

**ANSWER**:

In addition to and without waiving any of its General Statements and Objections, Principal Law objects to this Interrogatory on the following grounds:

a.   As discussed during the parties' prior meet and confer efforts and the Rule 26(f) conference, Principal Law maintains that individual discovery in this matter should be bifurcated from class discovery, and has filed a Motion to Bifurcate.

b.   This Interrogatory is premature as discovery is ongoing, as well as overly broad and unduly burdensome in the putative class action context.  Specifically, and particularly as relating to putative class members to the extent the Court permits class discovery, additional investigation and third-party discovery is required, and Principal Law at this time cannot reasonably identify *all* facts that support any affirmative defense at this early stage of the litigation. *See, e.g.*, *Saint-Jean v. D.C.*, No. 08-CV-1769 (RWR-AK), 2014 WL 12792681, at *6 (D.D.C. Sept. 8, 2014) (finding a contention interrogatory to be overbroad, stating that if it "requested 'each and every fact' and application of law to fact that the opposing party planned to use in support of its claims, then the court would quash such an interrogatory"); *see also Santillan v. Verizon Connect, Inc.*, No. 21-CV-1257, 2022 U.S. Dist. LEXIS 25051, *5 (S.D. Cal. Feb. 10, 2022) ("[C]ourts 'will generally find contention interrogatories overly broad and unduly burdensome on their face to the extent they ask for 'every fact' or 'all facts' which support identified allegations or defenses.") (alterations removed; citation omitted).  Further, to the extent the Court permits class discovery and Plaintiff ultimately moves for class certification, Principal Law cannot investigate and fully develop all material facts relevant to putative class members until such time that it is known what the scope and contours are of Plaintiff's proposed class.

c.  While phrased in the manner of identifying "all facts," in substance, this Interrogatory seeks to invade attorney-work product and/or anticipation of litigation privileges. Principal Law will produce documents and information from which facts supporting its affirmative defenses may be ascertained.  However, many of the detailed facts supporting Principal Law's affirmative defenses as to Plaintiff and putative class members are outside of Principal Law's direct knowledge, and instead reside with its attorneys, rendering counsel's mental impressions thoroughly intertwined with the information sought by this Interrogatory.  *See, e.g.*, *Tax Analysts v. I.R.S.*, 117 F.3d 607, 620 (D.C. Cir. 1997) ("[I]n all cases "the court shall protect against disclosure of the mental impressions, conclusions, opinions, or legal theories of an attorney ... concerning the litigation."); *Leopold v. United States Dep't of Just.*, 487 F. Supp. 3d 1, 12 (D.D.C. 2020) (same); *In re Linerboard Antitrust Litig.*, 237 F.R.D. 373 (E.D. Pa. 2006) ("[W]ork product is not subject to discovery if 'the attorney's mental impressions are [] thoroughly intertwined with factual information.'").

**Subject to and without waiving the foregoing objections, Principal Law states:** Plaintiff submitted a request for information for legal services on November 10, 2022 via https://principallawgroup.com/lawsuit-consultation-dc-contact-us/, which included, *inter alia*, providing his telephone number at issue and providing prior express written consent and expressing an interest for Principal Law to call him at that telephone number regarding potential legal services.

11.    Identify any person (whether employed by you or not) whom you have disciplined, reprimanded, or taken similar action against for engaging in, facilitating, or allowing allegedly unlawful or unauthorized outbound calls using a recorded message to occur.  In your answer,

please identify all persons involved in any investigation, describe the reasons for your disciplinary action or reprimand, and describe the action taken against the person.

**ANSWER**:

Subject to and without waiving any of its General Statements and Objections, Principal Law states that no such instances have arisen, as Principal Law does not, and does not authorize Elite, to engage in any marketing using artificial or prerecorded voice messages.

12.    In response to which (if any) requests for production in this case have you produced no responsive documents?

**ANSWER:**

In addition to and without waiving any of its General Statements and Objections, Principal Law objects to this Interrogatory on the following grounds:

a.    This Interrogatory is premature as discovery is ongoing.  Specifically, to the extent that Plaintiff disputes that he, or a person acting on his behalf, provided prior express written consent for Mr. Peito's call to Plaintiff, Principal Law will seek party and third-party discovery regarding the issue of consent.

b.    To the extent the Document Requests seek class discovery, as discussed during the parties' Rule 26(f) conference, Principal Law maintains that individual discovery in this matter should be bifurcated from class discovery.  The Interrogatory is premature as documents will be uncovered during the course of discovery.

**Subject to and without waiving any of its General Statements and Objections, Principal Law states:** Principal Law's investigation is ongoing. Principal Law is actively searching for non-privileged documents responsive to Plaintiff's Document Requests, to the extent

they exist.  Any non-privileged documents within Principal Law's possession, custody, or control, responsive to Plaintiff's Document Requests, subject to Principal Law's objections and responses thereto, and proportional to the needs of the case, will be produced on a rolling basis, if any are located.

## REQUESTS FOR PRODUCTION OF DOCUMENTS

1.     Please produce all non-attorney-client-privileged documents identified in or used to research or draft responses to interrogatories in this case.

**RESPONSE**:

In addition to and without waiving any of its General Statements and Objections, Principal Law objects to this Request on the following grounds:

a.  To the extent that, while the Request excludes attorney-client privileged documents, it seeks documents protected by attorney-work product doctrine and/or material prepared in anticipation of litigation protected under Rule 26.  And in that respect is also overly broad, unduly burdensome, and seeks documents that are not relevant to either party's claims or defenses and not proportional to the needs of the case, as it would seemingly encompass any and all documents created since the inception of litigation used to research Plaintiff's claims. To the extent the Request intends to request such work product and/or anticipation of litigation or trial documents, such documents are privileged, the Request is overly broad, unduly burdensome, and seeks documents not relevant or proportional to the needs of the case, and a privilege log is not necessary.  *Cf. Grider v. Keystone Health Plan Center*, 580 F.3d 119, 140, n.22 (3d Cir. 2009) (discussing attorney-client privilege and concluding that "a rule requiring creation of an ongoing log of all post-complaint privileged communications would have a chilling effect … [and] a

privilege log may not be required for communications with counsel that take place after the filing of a law suit.").

b.   To the extent the Request seeks class discovery, as discussed during the parties' Rule 26(f) conference, Principal Law maintains that individual discovery in this matter should be bifurcated from class discovery. The Interrogatory is premature as documents will be uncovered during the course of discovery.

c.   To the extent the Request seeks class discovery, it is overly broad, unduly burdensome, seeks information not relevant to either party's claims or defenses and is not proportional to the needs of the case.

**Subject to and without waiving the foregoing objections, Principal Law states:** Attached. Principal Law is still investigating this Request and will provide a supplemental response if responsive documents are discovered.

2.      Please produce all documents supporting or contradicting any affirmative defense made in any answer by you to any complaint in this case.

**RESPONSE**:

In addition to and without waiving any of its General Statements and Objections, Principal Law objects to this Request on the following grounds:

a.   As discussed during the parties' prior meet and confer efforts and the Rule 26(f) conference, Principal Law maintains that individual discovery in this matter should be bifurcated from class discovery, and has filed a Motion to Bifurcate.

b.   It is premature as discovery is ongoing, as well as overly broad and unduly burdensome in the putative class action context.  Specifically, and particularly as relating to

putative class members to the extent the Court permits class discovery, additional investigation and third-party discovery is required, and Principal Law at this time cannot reasonably produce *all* documents that support any affirmative defense at this early stage of the litigation.  *See, e.g.*, *Saint-Jean v. D.C.*, 2014 WL 12792681, at \*6; *see also Santillan*, 2022 U.S. Dist. LEXIS 25051, \*5. Further, to the extent the Court permits class discovery and Plaintiff ultimately moves for class certification, Principal Law cannot investigate and fully develop all material facts relevant to putative class members until such time that it is known what the scope and contours are of Plaintiff's proposed class.  Further, Plaintiff bears the burden of proof as to these issues under Fed. R. Civ. P. 23.  Thus, not only is the Request premature as Principal Law is unable to investigate, collect, and produce evidence regarding its affirmative defenses until such time as Plaintiff identifies who allegedly constitutes a member of the putative class and Principal Law can reasonably investigate, but the Request as phrased, and at this stage of the litigation, improperly attempts to shift Plaintiff's burden of proof to Principal Law to define and identify putative class members and membership.

   c. It is vague and ambiguous by requesting documents that "support" or "contradict" affirmative defenses, by inviting Principal Law to make a determination of whether a particular document fits into either category (or seeks attorney-work product by inviting counsel for Principal Law to do the same), as opposed to simply requesting documents regarding or relating to Principal Law's affirmative defenses.

   d. "[A] discovery request seeking 'all documents relating to' a certain subject [is] 'facially overbroad[.]'" *Joseph v. Joseph*, No. 1:16-CV-465, 2018 U.S. Dist. LEXIS 247035, \*14-15 (S.D. Ohio June 7, 2018) (citation omitted); *see Krieger*, 199 F.R.D. at 13.  Principal Law cannot reasonably identify and produce documents from custodians or places of which it is not

aware, or it cannot reasonably anticipate that may have some miniscule or trivial information that, while potentially technically responsive, is ultimately irrelevant to the material issues.

   e.   It seeks to invade the attorney-work product privilege to the extent it seeks a labeling of the documents, (*see* Document Request Instruction No. 4.), to correspond specific documents with the Request. *See, e.g.*, *Wahl*, 2009 U.S. Dist. LEXIS 103770, at *6-7 (finding requests were "simply an attempt by Wahl to force ASIC to organize and categorize the documents in a manner that would reveal ASIC's legal strategies," and "It is self-evident that such sorting would require the producing party to exercise its own legal judgment in applying the law to the facts of the case.")

   f.   As phrased, it seeks to invade attorney-work product and/or anticipation of litigation privileges.   Principal Law will produce non-privileged documents regarding its affirmative defenses.   However, Plaintiff's defined term "You," (*see* Definition No. 21), is specifically defined to include Principal Law's attorneys.   As such, the Request seeks documents prepared by counsel regarding their internal mental impressions, theories, and investigations—including ostensibly their internal communications—regarding the matter, which are unquestionably privileged.   In this respect, the Request is overly broad, unduly burdensome, and seeks documents not relevant or proportional to the needs of the case.   Principal Law further objects to providing a privilege log on the grounds that the preparation of such a log itself is overly broad, unduly burdensome, and seeks documents that are not relevant to either party's claims or defenses and not proportional to the needs of the case.   *See Grider*, 580 F.3d at 140 n.22 ("[A] rule requiring creation of an ongoing log of all post-complaint privileged communications would have a chilling effect … [and] a privilege log may not be required for communications with counsel that take place after the filing of a law suit."); *Berryman v. Supervalu Holdings, Inc.*, No. 3:05-CV-

169, 2008 U.S. Dist. LEXIS 124273, *30 (S.D. Ohio. Oct. 29, 2008) ("[D]iscovery requests that would place an undue burden on respondents attempting to compile a privilege log may excuse their failure to do so. … [O]ther viable objections may serve as a basis other than privilege for withholding discovery materials sought, and thus may obviate the need to produce a privilege log.").

**Subject to and without waiving the foregoing objections, Principal Law states:** Attached. Principal Law is still investigating this Request and will provide a supplemental response if responsive documents are discovered.


3.     Please produce all documents related to Plaintiff, including, but not limited to, all documents evidencing your relationship with Plaintiff or your investigation into outbound calls made to Plaintiff.

**RESPONSE**:

In addition to and without waiving any of its General Statements and Objections, Principal Law objects to this Request on the following grounds:

a.    "[A] discovery request seeking 'all documents relating to' a certain subject [is] 'facially overbroad[.]'" *Joseph*, 2018 U.S. Dist. LEXIS 247035, at *14-15 (citation omitted); *see Krieger*, 199 F.R.D. at 13.  Principal Law cannot reasonably identify and produce documents from custodians or places of which it is not aware, or it cannot reasonably anticipate that may have some miniscule or trivial information that, while potentially technically responsive, is ultimately irrelevant to the material issues.

b.    To the extent that it calls for information protected by attorney-client privilege, the attorney-work product doctrine, and/or materials prepared in anticipation of litigation and

protected by Rule 26. Plaintiff's defined term "You," (*see* Definition No. 21), is specifically defined to include Principal Law's attorneys.  As such, the Request seeks documents prepared by counsel regarding their internal mental impressions, theories, and investigations—including ostensibly their internal communications—regarding the matter, which are unquestionably privileged.  In this respect, the Request is overly broad, unduly burdensome, and seeks documents not relevant or proportional to the needs of the case.  Principal Law further objects to providing a privilege log on the grounds that the preparation of such a log itself is overly broad, unduly burdensome, and seeks documents that are not relevant to either party's claims or defenses and not proportional to the needs of the case.  *See Grider,* 580 F.3d at 140 n.22 ("[A] rule requiring creation of an ongoing log of all post-complaint privileged communications would have a chilling effect … [and] a privilege log may not be required for communications with counsel that take place after the filing of a law suit."); *Berryman*, 2008 U.S. Dist. LEXIS 124273, at *30 ("[D]iscovery requests that would place an undue burden on respondents attempting to compile a privilege log may excuse their failure to do so. … [O]ther viable objections may serve as a basis other than privilege for withholding discovery materials sought, and thus may obviate the need to produce a privilege log.").

**Subject to and without waiving the foregoing objections, Principal Law states**: Documents regarding Plaintiff's claim are attached and/or have been elsewhere identified in these responses.  Principal Law is still investigating this Request and will provide a supplemental response if responsive documents are discovered.

4.     Please produce all documents relating to any failure by you, or a vendor, to abide by your policies relating to the sending of outbound calls.

**RESPONSE**:

In addition to and without waiving any of its General Statements and Objections, Principal Law objects to this Request on the following grounds:

    a.   To the extent the Request seeks class discovery, as discussed during the parties' prior meet and confer efforts and the Rule 26(f) conference, Principal Law maintains that individual discovery in this matter should be bifurcated from class discovery, and has filed a Motion to Bifurcate.

    b.   It is overly broad, unduly burdensome, seeks information not relevant to either party's claims or defenses and is not proportional to the needs of the case.  As discussed during the parties' prior meet and confer calls and Rule 26(f) conference, Principal Law obtained the lead information for Plaintiff as a direct submission on its website and not through a third-party vendor. To the extent the Court permits class discovery to proceed, Principal Law objects to producing information regarding vendors on the grounds that, *inter alia*, the facts and circumstances regarding prior express written consent for Plaintiff is substantially dissimilar to any vendors, making information as to "all vendors" irrelevant as to both Plaintiff's individual claim, and on a putative class wide basis, for the reasons discussed above.

    c.   "[A] discovery request seeking 'all documents relating to' a certain subject [is] 'facially overbroad[.]'" *Joseph*, 2018 U.S. Dist. LEXIS 247035, at *14-15 (citation omitted); *see Krieger*, 199 F.R.D. at 13.  Principal Law cannot reasonably identify and produce documents from custodians or places of which it is not aware, or it cannot reasonably anticipate that may have some miniscule or trivial information that, while potentially technically responsive, is ultimately irrelevant to the material issues.

d. It is vague, ambiguous, and subject to conflicting interpretations over what constitutes a "failure … to abide" to policies regarding outbound telephone calls.

e. It is overly broad, unduly burdensome, and seeks information that is not relevant to either party's claims or defenses and not proportional to the needs of the case, as it is not reasonably limited in subject matter scope based on the nature of Plaintiff's claims; *e.g.*, it is not limited to the relevant lead generation or outbound calls made using an artificial or prerecorded voice, but rather seeks documents regarding policies relating to outbound calls for which the TCPA imposes no liability and/or for which Plaintiff asserts no claim and alleges no unlawful conduct.

**Subject to and without waiving the foregoing objections, Principal Law states:** To the extent Principal Law can understand what this Request is seeking, none. Principal Law is still investigating this Request and will provide a supplemental response if responsive documents are discovered.

5. Please produce all documents relating to the failure, alleged failure, or possible failure of your vendors to comply with any agreements, contracts, statements of work, policies or other instruction(s) related to outbound calls.

**RESPONSE**:

In addition to and without waiving any of its General Statements and Objections, Principal Law objects to this Request on the following grounds:

a. To the extent the Request seeks class discovery, as discussed during the parties' prior meet and confer efforts and the Rule 26(f) conference, Principal Law maintains that individual discovery in this matter should be bifurcated from class discovery, and has filed a Motion to Bifurcate.

b.  It is overly broad, unduly burdensome, seeks information not relevant to either party's claims or defenses and is not proportional to the needs of the case.  As discussed during the parties' prior meet and confer calls and Rule 26(f) conference, Principal Law obtained the lead information for Plaintiff as a direct submission on its website and not through a third-party vendor. To the extent the Court permits class discovery to proceed, Principal Law objects to producing information regarding vendors on the grounds that, *inter alia*, the facts and circumstances regarding prior express written consent for Plaintiff is substantially dissimilar to any vendors, making information as to "all vendors" irrelevant as to both Plaintiff's individual claim, and on a putative class wide basis, for the reasons discussed above.

c.  "[A] discovery request seeking 'all documents relating to' a certain subject [is] 'facially overbroad[.]'"  *Joseph*, 2018 U.S. Dist. LEXIS 247035, at *14-15 (citation omitted); *see Krieger*, 199 F.R.D. at 13.  Principal Law cannot reasonably identify and produce documents from custodians or places of which it is not aware, or it cannot reasonably anticipate that may have some miniscule or trivial information that, while potentially technically responsive, is ultimately irrelevant to the material issues.

d.  It is vague, ambiguous, and subject to conflicting interpretations over what constitutes a "failure, alleged failure, or possible failure" of vendors to comply with the items listed in the Request.

e.  It is overly broad, unduly burdensome, and seeks information that is not relevant to either party's claims or defenses and not proportional to the needs of the case, as it is not reasonably limited in subject matter scope based on the nature of Plaintiff's claims; *e.g.*, it is not limited to the relevant lead generation or outbound calls made using an artificial or prerecorded voice, but rather seeks documents regarding calls and policies/etc. for which the TCPA imposes no liability

and for which Plaintiff asserts no claim and alleged no unlawful conduct, and/or encompasses conduct unrelated to the claims and cause of action in this case.


6.     Please produce all documents relating to complaints or do-not-call requests concerning outbound calls, including, but not limited to, lists or databases containing complaints about them, and information identifying the complainants. This request includes any complaints to you by mail, email, live call, IVR, SMS, web form, social media, FCC, FTC, CFPB, state attorney general, BBB or any other source.

**RESPONSE**:

In addition to and without waiving any of its General Statements and Objections, Principal Law objects to this Request on the following grounds:

a.   It is overly broad, unduly burdensome, seeks information not relevant to either party's claims or defenses and is not proportional to the needs of the case.  As discussed during the parties' prior meet and confer calls and Rule 26(f) conference, Principal Law obtained the lead information for Plaintiff as a direct submission on its website and not through a third-party vendor. To the extent the Court permits class discovery to proceed, Principal Law objects to producing information regarding vendors as it is irrelevant to both Plaintiff's individual claim, and on a putative class wide basis, for the reasons discussed above.

b.   "[A] discovery request seeking 'all documents relating to' a certain subject [is] 'facially overbroad[.]'" *Joseph*, 2018 U.S. Dist. LEXIS 247035, at *14-15 (citation omitted); *see Krieger*, 199 F.R.D. at 13.  Principal Law cannot reasonably identify and produce documents from custodians or places of which it is not aware, or it cannot reasonably anticipate that may have some

26

miniscule or trivial information that, while potentially technically responsive, is ultimately irrelevant to the material issues.

      c.   It is overly broad, unduly burdensome, and seeks information that is not relevant to either party's claims or defenses and not proportional to the needs of the case, as it is not reasonably limited in subject matter scope based on the nature of Plaintiff's claims.   Plaintiff alleges an unlawful prerecorded message in violation of 47 U.S.C. § 227(b)(1)(A).   Plaintiff does not allege any claims, or assert any unlawful conduct, in relation to live outbound calls, calling after do-not-call requests, or even general unspecified "complaints."   In addition to lacking relevance, there is no reasonable means by which Principal Law could be expected to search for and collect "all documents" touching upon these generalized topics.   Principal Law also objects for the same reasons that Plaintiff's request for "all document relating to … do-not-call requests" could be construed to seek production of an internal do-not-call registry.   Plaintiff asserts no claim under 47 U.S.C. § 227(c) and its accompanying regulations, and makes no allegations of unlawful activity as to himself or putative class members, that would warrant the production of a do-not-call list.   Further, the maintenance of a do-not-call list is not evidence of a complaint or alleged unlawful activity.   *See* 47 C.F.R. § 64.1200(d)(3).

      c.   To the extent that it calls for information protected by attorney-client privilege, the attorney-work product doctrine, and/or materials prepared in anticipation of litigation and protected by Rule 26.   Plaintiff's defined term "You," (Definition No. 21), is specifically defined to include Principal Law's attorneys.   As such, the Request seeks documents prepared by counsel regarding Plaintiff's "complaint," which are unquestionably privileged.   In this respect, the Request is overly broad, unduly burdensome, and seeks documents not relevant or proportional to the needs of the case, and a privilege log is not necessary.   Likewise, documents between Principal

Law and its attorneys regarding any prior "complaints" are likewise privileged for the same reasons. Principal Law further objects to providing a privilege log on the grounds that the preparation of such a log itself is overly broad, unduly burdensome, and seeks documents that are not relevant to either party's claims or defenses and not proportional to the needs of the case. *Grider*, 580 F.3d at 140 n.22 ("[A] rule requiring creation of an ongoing log of all post-complaint privileged communications would have a chilling effect … [and] a privilege log may not be required for communications with counsel that take place after the filing of a law suit."); *Berryman*, 2008 U.S. Dist. LEXIS 124273 at *30 ("[D]iscovery requests that would place an undue burden on respondents attempting to compile a privilege log may excuse their failure to do so. … [O]ther viable objections may serve as a basis other than privilege for withholding discovery materials sought, and thus may obviate the need to produce a privilege log.").

      d.  To the extent there is other litigation that is potentially within the scope of this Request, such documents are publicly available and equally accessible to Plaintiff. *See Nelson v. Columbia Gas Transmission, LLC*, No. 17-CV-90, 2018 WL 8493409, at *7 (E.D. Ky. Nov. 7, 2018) ("[I]t is a generally accepted principle that documents that are equally accessible to both parties need not be produced.").

      7.  All contracts or documents representing agreements with any vendor that contacted the Plaintiff or made outbound telemarketing calls.

**RESPONSE**:

Subject to and without waiving any of its General Statements and Objections, Principal Law states: Principal Law's agreement with Elite is attached. Principal Law does not know what third-party made the alleged prerecorded call to Plaintiff.

8.     All communications with any vendor that contacted the Plaintiff or made outbound telemarketing calls.

**RESPONSE**:

In addition to and without waiving any of its General Statements and Objections, Principal Law objects to this Request on the following grounds:

a.   "[A] discovery request seeking 'all documents relating to' a certain subject [is] 'facially overbroad[.]'" *Joseph*, 2018 U.S. Dist. LEXIS 247035, at *14-15 (citation omitted); *see Krieger*, 199 F.R.D. at 13.

b.   To the extent the Court bifurcates individual from class discovery, the Request is overly broad, unduly burdensome, and seeks documents that are not relevant to the party's claims or defenses and not proportional to the needs of the case for an individual claim who alleges the receipt of a single unlawful phone call.  To the extent the Court denies Principal Law's Motion to Bifurcate and/or the matter later proceeds to class discovery, the Request remains overly broad, unduly burdensome, and seeks documents that are not relevant to the party's claims or defenses and not proportional to the needs of the case.  For example, though without limitation, the Request as phrased would encompass wholly irrelevant communications between Principal Law that have nothing to do with the material allegations or even phone calls.

9.     All internal communications at your company regarding any vendor that contacted the Plaintiff or made outbound telemarketing calls.

**RESPONSE**:

In addition to and without waiving any of its General Statements and Objections, Principal Law objects to this Request on the following grounds:

c.   "[A] discovery request seeking 'all documents relating to' a certain subject [is] 'facially overbroad[.]'" *Joseph*, 2018 U.S. Dist. LEXIS 247035, at *14-15 (citation omitted); *see Krieger*, 199 F.R.D. at 13.

d.   To the extent the Court bifurcates individual from class discovery, the Request is overly broad, unduly burdensome, and seeks documents that are not relevant to the party's claims or defenses and not proportional to the needs of the case for an individual claim who alleges the receipt of a single unlawful phone call.  To the extent the Court denies Principal Law's Motion to Bifurcate and/or the matter later proceeds to class discovery, the Request remains overly broad, unduly burdensome, and seeks documents that are not relevant to the party's claims or defenses and not proportional to the needs of the case.  For example, though without limitation, the Request as phrased would encompass wholly irrelevant communications that may mention Elite in a general sense, but have nothing to do with the material allegations or even phone calls.

e.   It is vague, ambiguous, and subject to conflicting interpretations over what constitutes a communication "regarding" Elite in substance, as opposed to whether Plaintiff views any communication that mentions Elite as responsive.  To the extent Plaintiff intends the latter, see the immediately preceding objection.

f.   To the extent that it calls for information protected by attorney-client privilege, the attorney-work product doctrine, and/or materials prepared in anticipation of litigation and protected by Rule 26.  Plaintiff's defined term "You," (Definition No. 21), is specifically defined to include Principal Law's attorneys.  As such, the Request seeks documents prepared by counsel regarding its investigation into Plaintiff's claim (which including communications regarding the

vendor from which Principal Law procured the lead for Plaintiff) which are unquestionably privileged.  In this respect, the Request is overly broad, unduly burdensome, and seeks documents not relevant or proportional to the needs of the case, and a privilege log is not necessary.  Likewise, documents between Principal Law and its attorneys are privileged for the same reasons.  Principal Law further objects to providing a privilege log on the grounds that the preparation of such a log itself is overly broad, unduly burdensome, and seeks documents that are not relevant to either party's claims or defenses and not proportional to the needs of the case.  *Grider*, 580 F.3d 119 at 140 n.22 ("[A] rule requiring creation of an ongoing log of all post-complaint privileged communications would have a chilling effect … [and] a privilege log may not be required for communications with counsel that take place after the filing of a law suit."); *Berryman*, 2008 U.S. Dist. LEXIS 124273, at *30 ("[D]iscovery requests that would place an undue burden on respondents attempting to compile a privilege log may excuse their failure to do so. … [O]ther viable objections may serve as a basis other than privilege for withholding discovery materials sought, and thus may obviate the need to produce a privilege log.").

10.     All contracts or documents representing agreements with any vendor that provided you with the Plaintiff's telephone number or information.

**RESPONSE**: None. As previously stated, Plaintiff's information was submitted as a direct request for contact on Principal Law's website and was not supplied by any vendor.

11.     All internal communications at your company regarding any vendor that provided you with the Plaintiff's telephone number or information.

**RESPONSE**: None. As previously stated, Plaintiff's information was submitted as a direct request for contact on Principal Law's website and was not supplied by any vendor.

12.     Please produce all documents relating to insurance coverage of the acts alleged by Plaintiff, including, but not limited to, all potentially applicable policies issued by any insurer and all communications with any such insurers, including, but not limited to, reservation-of-rights letters, regardless of whether or not such coverage purports to exclude the acts alleged in this matter and regardless of whether or not such insurers have declined coverage in this matter.

**RESPONSE**:

In addition to and without waiving any of its General Statements and Objections, Principal Law objects to this Request on the following grounds:

a.   It is vague, confusing, ambiguous, and contradictory by requesting documents relating to "insurance coverage of the acts alleged by Plaintiff," while simultaneously requesting documents relating to insurance coverage that "exclude[s] the acts alleged in this matter."

b.   To the extent that the Request seeks documents regarding insurance coverages or policies that facially afford no potential coverage (e.g., premises liability policies, etc.), the Request is overly broad, unduly burdensome, and seeks documents that are not relevant to either party's claims or defenses and not proportional to the needs of the case.

**Subject to and without waiving the foregoing objections, Principal Law states:** None.

13.     Please produce all indemnification agreements under which a third party may be responsible for satisfying all or part of a judgment that may be entered against you in this action, and all communications with those third parties.

**RESPONSE**:

Subject to and without waiving any of its General Statements and Objections, Principal Law states there are none.

14.     Please produce all documents related to policies for compliance with the TCPA or the FCC's regulations thereunder and all documents necessary to construct a timeline of when each policy was in force. This request specifically includes, but is not limited to, policies related to the following:

a)      compliance with the TCPA, including, but not limited to the rules, regulations, opinions, advisories, comments or filings of the Federal Communications Commission that relate to the TCPA or 47 C.F.R. § 64.1200;

b)      obtaining or verifying prior express consent;

c)      complying with E-SIGN Act, 15 U.S.C. §§ 7001 *et seq*.

**RESPONSE**:

In addition to and without waiving any of its General Statements and Objections, Principal Law objects to this Request on the following grounds:

a.     "[A] discovery request seeking 'all documents relating to' a certain subject [is] 'facially overbroad[.]'" *Joseph*, 2018 U.S. Dist. LEXIS 247035, at *14-15 (citation omitted).

b.     It is overly broad, unduly burdensome, and seeks information that is not relevant to either party's claims or defenses and not proportional to the needs of the case, as it is not reasonably limited in subject matter scope based on the nature of Plaintiff's claims, particularly as the Request itself specifies that it is not limited in any respect and broadly seeks any/all policies however immaterial to the facts and claims of this case.  Plaintiff alleges an unlawful prerecorded message

in violation of 47 U.S.C. § 227(b)(1)(A).  Plaintiff does not allege any claims, or assert any unlawful conduct, in relation to live outbound calls, calling after do-not-call requests, or any other conduct governed by the TCPA or regulated by the FCC.

       c.   It is overly broad, unduly burdensome, and seeks information that is not relevant to either party's claims or defenses and not proportional to the needs of the case, regarding the "timeline" for which it seeks to "construct."  To the extent any produced documents do not have their effective dates apparent from which such information can be determined, Principal Law only has an obligation to produce documents in its possession, custody, or control, and does not have an obligation to create a "timeline" when responding under Rule 34.

       d.   It calls for the production of confidential, proprietary, and/or trade secret information of Principal Law.

**Subject to and without waiving the foregoing objections, Principal Law states:** Principal Law is still investigating this Request and will provide a supplemental response if responsive documents are discovered and, if such documents are identified, will produce upon the entry of a suitable Protective Order governing confidential, proprietary, and/or trade secret information.

      15.   Please produce all documents containing any of the following information for each outbound telemarketing call sent by you or your vendors:

      c.   the date and time;

      d.   the caller ID;

      e.   any recorded message used;

      f.   the result;

g.      identifying information for the recipient; and

h.      any other information stored by the call detail records.

**RESPONSE**:

In addition to and without waiving any of its General Statements and Objections, Principal Law objects to this Request on the following grounds:

a.   To the extent the Request seeks class discovery, as discussed during the parties' prior meet and confer efforts and the Rule 26(f) conference, Principal Law maintains that individual discovery in this matter should be bifurcated from class discovery, and has filed a Motion to Bifurcate.

b.   To the extent the Request seeks class discovery, it is overly broad, unduly burdensome, seeks information not relevant to either party's claims or defenses and is not proportional to the needs of the case.  As discussed during the parties' prior meet and confer calls and Rule 26(f) conference, Principal Law obtained the lead information for Plaintiff as a direct submission on its website and not through a third-party vendor.  To the extent the Court permits class discovery to proceed, Principal Law objects to producing information regarding vendors on the grounds that, *inter alia*, the facts and circumstances regarding prior express written consent for Plaintiff is substantially dissimilar to any vendors, making information as to leads procured and called by vendors irrelevant as to both Plaintiff's individual claim, and on a putative class wide basis, for the reasons discussed above.

c.   To the extent that it calls for information protected by attorney-client privilege, the attorney-work product doctrine, and/or materials prepared in anticipation of litigation and protected by Rule 26.  Plaintiff's defined term "You," (Definition No. 21), is specifically defined to include Principal Law's attorneys.  As such, the Request seeks documents prepared by counsel

regarding its investigation into calls to Plaintiff and those allegedly similarly situated (which will invariably touch on the subjects sought by this Request), which are unquestionably privileged.  In this respect, the Request is overly broad, unduly burdensome, and seeks documents not relevant or proportional to the needs of the case.  Principal Law further objects to providing a privilege log on the grounds that the preparation of such a log itself is overly broad, unduly burdensome, and seeks documents that are not relevant to either party's claims or defenses and not proportional to the needs of the case.  *Grider*, 580 F.3d at 140 n.22 ("[A] rule requiring creation of an ongoing log of all post-complaint privileged communications would have a chilling effect … [and] a privilege log may not be required for communications with counsel that take place after the filing of a law suit."); *Berryman*, 2008 U.S. Dist. LEXIS 124273, at *30 ("[D]iscovery requests that would place an undue burden on respondents attempting to compile a privilege log may excuse their failure to do so. … [O]ther viable objections may serve as a basis other than privilege for withholding discovery materials sought, and thus may obviate the need to produce a privilege log.").

      d.  "[A] discovery request seeking 'all documents relating to' a certain subject [is] 'facially overbroad[.]'"  *Joseph*, 2018 U.S. Dist. LEXIS 247035, at *14-15 (citation omitted).

**Subject to and without waiving the foregoing objections, Principal Law states:** Principal Law will supplement this response to the extent the Court denies the Motion to Bifurcate or the matter proceeds to class discovery.

16.    All communications with any third party concerning this litigation.

**RESPONSE**:

In addition to and without waiving any of its General Statements and Objections, Principal Law objects to this Request on the following grounds:

36

a.   "[A] discovery request seeking 'all documents relating to' a certain subject [is] 'facially overbroad[.]'" *Joseph*, 2018 U.S. Dist. LEXIS 247035, at *14-15 (citation omitted).

b.   It is overly broad, unduly burdensome, and seeks documents that are not relevant to either party's claims or defenses and not proportional to the needs of the case.  Communications with third-parties after the initiation of litigation have no bearing or impact on whether Plaintiff received an allegedly unlawful prerecorded message call as described in the Complaint.

**Subject to and without waiving the foregoing objections, Principal Law states:** Documents regarding Plaintiff's claim are attached and/or have been elsewhere identified in these responses.  Principal Law is still investigating this Request and will provide a supplemental response if responsive documents are discovered.

17.    To the extent Defendant asserts that Defendant obtained consent or permission to contact Plaintiff or putative class members based on a visit to a website, produce documents that identify those website(s) and the specific page(s) on those website(s) that you claim constitute consent or permission.

**RESPONSE**:

In addition to and without waiving any of its General Statements and Objections, Principal Law objects to this Request on the following grounds:

a.   To the extent the Request seeks class discovery, as discussed during the parties' prior meet and confer efforts and the Rule 26(f) conference, Principal Law maintains that individual discovery in this matter should be bifurcated from class discovery, and has filed a Motion to Bifurcate.

b.  It is overly broad, unduly burdensome, seeks information not relevant to either party's claims or defenses and is not proportional to the needs of the case.  As discussed during the parties' prior meet and confer calls and Rule 26(f) conference, Principal Law obtained the lead information for Plaintiff as a direct submission on its website and not through a third-party vendor. To the extent the Court permits class discovery to proceed, Principal Law objects to producing information regarding vendors on the grounds that, *inter alia*, the facts and circumstances regarding prior express written consent for Plaintiff is substantially dissimilar to any vendors, making information as to other sources or leads or vendors irrelevant as to both Plaintiff's individual claim, and on a putative class wide basis, for the reasons discussed above.

c.  It is premature and vague and ambiguous as to the "putative class."  Even if Principal Law had an obligation to produce documents regarding other vendors (it does not, see Objection b. above), it is presently unknown what persons purportedly meet Plaintiff's putative class definition criteria.  This includes, but is not limited to, a present inability to identify which telephone numbers are, *inter alia*, alleged cellular telephone numbers, calls that allegedly play a prerecorded voice message, and whether any such message was identical or substantially similar to the pre-recorded message allegedly received by Plaintiff, as proffered in Plaintiff's putative class definition.  (*See* Compl. ¶ 28.)  Further, Plaintiff bears the burden of proof as to these issues under Rule 23.  Thus, not only is the request premature as Principal Law is unable to provide evidence of prior express written consent, invitation, or permission until such time as Plaintiff identifies who allegedly constitutes a member of the putative class and Principal Law can reasonably investigate, but the Request as phrased, and at this stage of the litigation, improperly attempts to shift Plaintiff's burden of proof to Principal Law to define and identify putative class members and membership.

d.  As to information regarding leads and phone numbers Principal obtained from Elite, it is overly broad, unduly burdensome, and seeks documents that are not relevant to either party's claims or defenses and not proportional to the needs of the case, to the extent it is not limited to those persons that Principal Law contacted using an allegedly unlawful artificial or prerecorded voice message to contact alleged cellular telephone numbers, but would seek include information regarding live calls, calls to non-cellular telephone numbers, or calls that are otherwise not actionable or at issue in this case.

e.  It seeks information in the possession, custody, or control of third-parties and not Principal Law.

18.     For any website identified in response to the prior request, produce all access logs and error logs during the day you assert that Plaintiff or putative class members visited that website.

**RESPONSE**:

In addition to and without waiving any of its General Statements and Objections, Principal Law objects to this Interrogatory on the following grounds:

a.  To the extent the Request seeks class discovery, as discussed during the parties' prior meet and confer calls and Rule 26(f) conference, Principal Law maintains that individual discovery in this matter should be bifurcated from class discovery, and has filed a Motion to Bifurcate.

b.  It is overly broad, unduly burdensome, seeks information not relevant to either party's claims or defenses and is not proportional to the needs of the case.  As discussed during the parties' prior meet and confer calls and Rule 26(f) conference, Principal Law obtained the lead

information for Plaintiff as a direct submission on its website and not from a third-party vendor. Principal Law objects to producing information regarding vendors on the grounds that, *inter alia*, the facts and circumstances regarding prior express written consent for Plaintiff is substantially dissimilar to any other vendors, making information as to "all vendors" (and their third-parties or sub-vendors as sought in this Interrogatory) irrelevant as to both Plaintiff's individual claim, and on a putative class wide basis, for the reasons discussed above.

c.  It is premature and vague and ambiguous as to the "putative class."  Even if Principal Law had an obligation to produce documents regarding other vendors (it does not, see Objection b. above), it is presently unknown what persons purportedly meet Plaintiff's putative class definition criteria.  This includes, but is not limited to, a present inability to identify which telephone numbers are, *inter alia*, alleged cellular telephone numbers, calls that allegedly play a prerecorded voice message, and whether any such message was identical or substantially similar to the pre-recorded message allegedly received by Plaintiff, as proffered in Plaintiff's putative class definition.  (*See* Compl. ⁋ 28.)  Further, Plaintiff bears the burden of proof as to these issues under Rule 23.  Thus, not only is the request premature as Principal Law is unable to provide evidence of prior express written consent, invitation, or permission until such time as Plaintiff identifies who allegedly constitutes a member of the putative class and Principal Law can reasonably investigate, but the Request as phrased, and at this stage of the litigation, improperly attempts to shift Plaintiff's burden of proof to Principal Law to define and identify putative class members and membership.

d.  As to information regarding leads and phone numbers Principal obtained from Elite, it is overly broad, unduly burdensome, and seeks documents that are not relevant to either party's claims or defenses and not proportional to the needs of the case, to the extent it is not

limited to those persons that Principal Law contacted using an allegedly unlawful artificial or prerecorded voice message to contact alleged cellular telephone numbers, but would seek include information regarding live calls, calls to non-cellular telephone numbers, or calls that are otherwise not actionable or at issue in this case.

e.   It seeks information in the possession, custody, or control of third-parties and not Principal Law.

f.   The phrases "access logs" and "errors logs" are vague, ambiguous, and seek documents that are not relevant to either party's claims or defenses and not proportional to the needs of the case.

Dated: July 5, 2023

Respectfully submitted,

**BENESCH, FRIEDLANDER, COPLAN & ARONOFF LLP**

*/s/ David M. Krueger*
Emily Newhouse Dillingham (Bar No. IL0043)
71 South Wacker Drive, Suite 1600
Chicago, Illinois 60606-4637
Telephone:   312.212.4949
Facsimile:   312.767.9192
Email:        edillingham@beneschlaw.com

David M. Krueger (*pro hac vice*)
200 Public Square, Suite 2300
Cleveland, Ohio 44114-2378
Telephone:   216.363.4500
Facsimile:   216.363.4588
Email:        dkrueger@beneschlaw.com

Vincent J. Michalec (*pro hac vice*)
41 South High Street, Suite 2600
Columbus, Ohio 43215-6164
Telephone:   216.363.4500
Facsimile:   216.363.4588
Email:        vmichalec@beneschlaw.com

*Attorneys for Defendant Principal Law Group, LLP*

## **CERTIFICATE OF SERVICE**

I hereby certify that on July 5, 2023, I electronically sent the foregoing to counsel of record for the Plaintiff.

 /s/ *David M. Krueger*

*One of Defendant Principal Law Group, LLP's Attorneys*